[No. 1194.]

## LOUIS SULTAN ET AL., RESPONDENTS, *v.* O. P. SHERWOOD, APPELLANT.

NEW TRIAL—SURPRISE—CREDIBILITY OF EVIDENCE.—Where an appeal is taken from an appeal granting a new trial on the ground of surprise, the order being based upon affidavits, the district court is the sole judge of the credibility of the evidence, and his determination upon the question will not be disturbed in the appellate court if there is any testimony to sustain it.

IDEM—MISTAKE AS TO MATERIAL FACTS.—A new trial may be granted for a mistake as to a material fact if the defeated party had no knowledge thereof until after the case was closed and ready for submission to the jury.

APPEAL from the District Court of the Sixth Judicial District, Lincoln County.

The facts appear in the opinion.

*A. B. Hunt* and *C. H. Patchin,* for Appellant:

I. The court erred in granting a new trial. The granting or refusing a new trial has been held not to be a matter of discretion. (*Sacramento & M. M. Co.* v. *Showers,* 6 Nev. 296.) But granting that to a certain extent, it may be a matter of discretion, all the authorities concur in holding that it is not a capricious or arbitrary discretion, but one to be guided and fixed by legal principles. (2 Gra. & Wat. New Tr. 46; *Bailey* v. *T'aaffe,* 29 Cal. 424; *Ex parte*

*Hoge,* 48 Cal. 5 ; *Ex parte Marks,* 49 Cal. 681 ; *Lybecker* v. *Murray,* 58 Cal. 189.)

II. The verdict of the jury was correct. The evidence clearly shows that the property was sold at much less than its true value. Inadequacy of consideration is an element of fraud. (*Chamberlain* v. *Stern,* 11 Nev. 272.) There was only one material fact in issue between the parties, which was, whether or not the sale was made with lawful intent, and was therefore valid ; or with intent to hinder, delay or defraud the creditors of John Kinney of their lawful suits, damages, forfeitures, debts or demands, and was therefore void. It was the jury's peculiar province under proper instructions, to decide that issue by a fair consideration of all the facts and circumstances developed at the trial. (*Tognini* v. *Kyle,* 15 Nev. 468 ; *Thomas* v. *Sullivan,* 13 Nev. 249 ; Starkie on Evidence, 698 ; *Blackman* v. *Wheaton,* 13 Minn. 326 ; *Weisiger* v. *Chisholm,* 28 Tex. 780 ; 1 Gra. & Wat. N. T. 525 ; *Ward* v. *Crutcher,* 2 Bush (Ky.) 87.)

III. Fraud may be inferred from strong presumptive circumstances. (*Tognini* v. *Kyle,* 15 Nev. 468 ; *McDaniel* v. *Baca,* 2 Cal. 337 ; 3 Gra. & Wat. N. T. 1275 ; Hilliard on N. T. 473 ; Bump on Fraud. Con. 541, 560, et seq.; 1 Story Eq. Jur. sec. 190.) An intent to defraud is not usually published to the world, but on the contrary, the usual course is to give the contract an appearance of an honest transaction, and as far as possible to have the conduct of the parties correspond therewith.

IV. If it was agreed or understood between Kinney and Jacobs & Sultan, that for the purpose of defrauding Eisenmann, a *bona fide* creditor of Kinney, that Kinney's account should be fraudulently increased for the sake of having it cover in whole or in part the amount agreed to be paid as a consideration for the property, to-wit: the sum of two thousand and thirty-seven dollars and sixty-two cents ; and if in carrying out the intent of the parties, said interest account was entered at the sum of eight hundred and seventy-five dollars and one cent, when in fact it was not *one-*

*sixth* of said sum, then the sale was, for that reason *alone,* void. (*Tognini* v. *Kyle,* 15 Nev. 474.) The answer fairly raised that issue, and the jury found in favor of defendant.

V. No fact is stated in the affidavits showing what the testimony would be on a new trial to in any manner explain raising the interest account to eight hundred and seventy-five dollars and one cent. (*McClusky* v. *Gerhauser,* 2 Nev. 47.) A new trial will not be granted upon the ground that the evidence of a witness took a party by surprise, unless it appear that such surprise is in no degree attributable to the negligence of such party. (*U. S.* v. *Smith,* 1 Saw. 278.) The affidavit of eleven jurors fully meets the point that they did not discover for the first time the overcharge of interest while in the jury room. The verdict of the jury is the only one that, under the law and the evidence, could have been rendered, and the order granting a new trial should be reversed.

*Baker & Wines,* for Respondents:

I. The action of the district court in granting a new trial was proper. There was not only a preponderance of evidence in support of the *bona fides* of the sale from Kinney to plaintiffs, but there was absolutely no testimony given upon the trial which even tended to impeach it, and as fraud is never to be presumed in the absence of proof, the district judge in this case could not refuse to set aside the verdict. (*McCarthy* v. *White,* 21 Cal. 495; *Joyce* v. *Joyce,* 5 Cal. 161; Kerr on Fraud and Mistake, 383; Bump on Fraud. Con. 584; *Thornton* v. *Hook,* 36 Cal. 223.) Even if the evidence were conflicting in this case upon the question of fraud, instead of an entire failure of proof to establish it, it would have been competent for the court to grant a new trial, and its action in that behalf will not be reviewed here unless the weight of evidence clearly preponderates against the rulings of the court. (*Treadway* v. *Wilder,* 9 Nev. 67; *Margaroli* v. *Milligan,* 11 Nev. 96; *Phillpotts* v. *Blasdel,* 8 Nev. 61; *State* v. *Yellow Jacket Co.* 5 Nev. 415.)

II. The mere fact that a mistake was made in the com-

putation of interest by plaintiffs in their settlement with Kinney, which increased the amount of their claim, did not justify a verdict condemning the plaintiffs as being guilty of fraud. (*Mendes* v. *Freiters,* 16 Nev. 388, and authorities there cited.) The action of the district court in granting a new trial was proper and ought to be affirmed.

By the Court, BELKNAP, J.:

This is an action of trover. Plaintiffs claim ownership of certain personal property by bill of sale and possession thereunder from John Kinney, in consideration of an indebtedness existing between them. Defendant justifies the taking as sheriff, under an execution issued upon a moneyed judgment against Kinney; admits a pretended transfer of the property to plaintiffs, but claims it to have been fraudulent as against the execution creditor. Defendant recovered judgment. A new trial was granted on the ground of surprise. From this order defendant has appealed. At the trial, plaintiffs, for the purpose of establishing a consideration for the transfer, introduced in evidence an account between themselves, as merchants, and Kinney, showing the purchase by him of many articles of general merchandise at various times, advancements of money to his use, interest upon overdue balances, some credits, but a general indebtedness of two thousand and thirty-six dollars and sixty-two cents. The item of interest was eight hundred and seventy-five dollars and one cent. This item contains an error against Kinney of about seven hundred dollars. The charge for interest should have been one hundred and forty-four dollars and fifty-four cents, according to the computation made by appellant. The account showing this item was introduced in evidence upon two trials of this cause, but the error, although patent, escaped the attention of the court, counsel, and jury at the first trial. At the second trial, the district court was not advised of the error until after the submission of the cause to the jury, and is of opinion that it did not appear to the jury until after they had retired to deliberate upon the case. The affidavit of Louis

Sultan, one of the plaintiffs, states, among other things, that he "Is informed and believes that the only reason which the said jury had and based their said verdict upon, against said plaintiffs, was the fact which was for the first time discovered by the said jury in the jury-room, after the said jury had retired to deliberate upon their verdict, that there was a large mistake in favor of said plaintiffs, in the computation of interest in their (plaintiffs') account with John Kinney, from whom they purchased the property described in the complaint in said action. And affiant further says that he did not know of such mistake until the testimony in the case had been closed, and the same was ready to be submitted to the jury, and, therefore, could not have informed his attorneys in relation to the same. And affiant further says that said account was made up on the thirteenth day of June, A. D. 1882, by Louis Jacobs, a son of one of the plaintiffs, and a graduate of Heald's Mercantile College, and in whom affiant placed confidence as a correct accountant; and that affiant, being engaged in business at Bristol at the same time, and very busy, accepted the said account as correct, and never examined the same to detect any errors therein; and that if he had known of such mistake before said cause had been submitted to said jury, he could have explained the same so as to show to said jury that neither himself nor Mr. Jacobs, his co-plaintiff, was guilty of any fraud in the transaction."

Counter-affidavits were presented by defendant raising an issue of fact as to the time when plaintiff Sultan first became aware of the error. The district court is the sole judge of the credibility of evidence upon motions of this nature. It determined the controverted question in favor of the plaintiffs, and as there is testimony sustaining the finding we cannot disturb it.

The only matter open for consideration is whether the affidavit of Sultan sets forth a state of facts entitling plaintiffs to a new trial. It was the duty of Sultan to have informed the court and jury of the error in the computation of interest at the earliest practicable moment after its discovery. A

party cannot be allowed to take the chances of success, and, upon the rendition of an adverse verdict, obtain a new trial on the ground of surprise. The affidavit states "that he (Sultan) did not know of such mistake until after the testimony in the case had been closed, and the same was ready to be submitted to the jury." The language of the affidavit —that the cause was ready to be submitted to the jury— implies that everything had been done, by way of introduction of evidence, argument of counsel, and instruction by the court, necessary to an understanding of the issues involved; and that the only act remaining to be performed was to transfer the further consideration of the cause to the jury. The submission of a cause under such circumstances is a mere momentary act, generally contemporaneous with its preparation for submission. The affidavit bears out the view that no time for deliberation or action elapsed, and states that, because he learned of the error as set forth, plaintiff "could not have informed his attorneys in relation to the same." It may well have been, that, learning of the error at the conclusion of the trial, plaintiff did not have a reasonable opportunity to act further in the matter, except upon motion for new trial. It is extraordinary that the mistake should have escaped the attention of counsel upon each side at both trials. This, however, appears to be the fact; and a matter unknown to the court, and upon which the verdict may have been principally predicated, was not investigated. We think that the ground of surprise, within the meaning of the statute, has been established, and that plaintiffs were not guilty of laches.

The order of the district court is affirmed.